**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann, CA Bar No. 229832
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Phone: (310) 277-0614
Fax: (310) 277-0635

**WINSTON LAW GROUP, P.C.**
David S. Winston, Esq. CA Bar No. 301667
david@employmentlitigators.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Phone: (424) 288-4568
Fax: (424) 532-4062

**MELMED LAW GROUP P.C.**
Jonathan Melmed, CA Bar No. 290218
jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Phone: (310) 824-3828
Fax: (310) 862-6851

Attorneys for Plaintiff and the Proposed Classes

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHAMBERLAIN, an individual, on behalf of himself and others similarly situated, and as a private attorney general on behalf of the State of California, <br><br> PLAINTIFF, <br><br> v. <br><br> UNITED AIRLINES, INC. a Delaware Corporation, and DOES 1 thru 10, inclusive, <br><br> DEFENDANTS. | CASE NO.: _____ <br><br> **CLASS AND REPRESENTATIVE ACTION COMPLAINT** <br><br> 1. Failure to Pay Meal Period Premiums Pursuant to Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9-2001 <br><br> 2. Failure to Provide Paid Rest Periods And Pay Non-Compliant Rest Period Premiums Pursuant to Labor Code § 226.7 and IWC Wage Order 9-2001 <br><br> 3. Violations Labor Code § 226(a), (e), and (h) <br><br> 4. Violation of Business & Professions Code § 17200 <br><br> 5. Penalties Pursuant to Labor Code § 2699 for violations of Labor Code §§ 204, 210, 226(a), 226(e), 226.3, 226.7 512, 558, 1197.1, 1199 and IWC Wage Order No. 9-2001 <br><br> **Demand for Jury Trial** |

Plaintiff RICHARD CHAMBERLAIN, an individual, on behalf of himself, all others similarly situated, complains of Defendant UNITED AIRLINES, INC., ("Defendant"), the DOE Defendants, and each of them, as follows:

## I.

## INTRODUCTION AND FACTUAL BACKGROUND

1.     This is a Class Action, pursuant to Federal Rules of Civil Procedure Rule 23, on behalf of Plaintiff and several classes and subclasses of employees as well as a Representative Action pursuant to the California Private Attorney General's Act of 2004 ("PAGA"). Plaintiff seeks to represent the following Classes and Subclasses:

(1)     all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities in California as an hourly non-exempt employee who worked one or more shifts of more than five (5) hours in length during a pay period where he or she worked exclusively within California from three (3) years prior to the filing of this Complaint and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, pilot, or flight attendant ("California Meal Period Class");

(2)     all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities in California as an hourly non-exempt employee who were California Residents during their employment with UNITED AIRLINES, INC. and who worked one or more shifts of more than five (5) hours in length exclusively within California from three (3) years prior to the filing of this Complaint and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, pilot, or flight attendant ("California Resident Meal Period Subclass");

(3)     all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities in California as an hourly non-exempt employee who worked one or more shifts of more than five (5) hours in length exclusively in California and who had California state taxes withheld from their wages during at least one pay period from three (3) years prior to the filing of this Complaint and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, pilot, or flight attendant ("California Tax Withholding Meal Period Subclass");

(4)     all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities in California as an hourly non-exempt employee and who worked one (1) shift of more than five (5) hours in length as a Ramp Service Employee (which

includes Ramp Service Agents, Bag Runners, and/or other similar employees whose job duties involve the transportation of and/or handling of baggage and cargo) from three (3) years prior to the filing of this Complaint and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot ("Ramp Service Meal Period Subclass");

Collectively, Classes and Subclasses one (1), two (2), three (3), and four (4) may be referred to as the "Meal Period Class(es)" and/or "Meal Period Class Member(s)."

(5)     all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities, in California as an hourly non-exempt employee who worked one or more shifts of more than four (4) hours in length or major fraction thereof during a pay period where he or she worked exclusively within California from three (3) years prior to the filing of this Complaint and continuing into the present and who did not for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot ("California Rest Period Class");

(6)     all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities, in California as an hourly non-exempt employee who were California Residents during their employment with UNITED AIRLINES, INC. and who worked one or more shifts of more than four (4) hours in length or major fraction thereof exclusively within California from three (3) years prior to the filing of this Complaint and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot ("California Resident Rest Period Subclass");

(7)     all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities in California as an hourly non-exempt employee who worked one or more shifts of more than four (4) hours in length or major fraction thereof exclusively within California and who had California state taxes withheld from their wages during at least one pay period from three (3) years prior to the filing of this Complaint and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot ("California Tax Withholding Rest Period Subclass");

(8)     all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities, in California, as an hourly non-exempt employee, and who worked one (1) shift of more than four (4) hours in length or major fraction thereof as a Ramp Service Employee (which includes Ramp Service Agents, Bag Runners, and/or other similar employees whose job duties involve the transportation of and/or handling of baggage and cargo) from three (3) years prior to the filing of this Complaint and continuing into the present and who did not work for U.S. Aviation Services Corp. and

who did not hold the position of mechanic, flight attendant, or pilot ("Ramp Service Rest Period Subclass");

Collectively, Rest Period Classes five (5), six (6), seven (7), and eight (8) may be referred to as the "Rest Period Class(es)" and/or "Rest Period Class Member(s).

(9)     all members of the Meal Period Classes as defined above who were employed by UNITED AIRLINES, INC. within one (1) year prior to the filing of the Complaint and continuing into the present; ("Meal Period Itemized Wage Statement Subclass");

(10)    all members of the Rest Period Classes as defined above who were employed by UNITED AIRLINES, INC. within one (1) year prior to the filing of the Complaint and continuing into the present; ("Rest Period Itemized Wage Statement Subclass");

Collectively, Subclasses nine (9) and ten (10) may be referred to as the "Itemized Wage Statement Subclass(es)."

(11)    all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities in California as a non-exempt, hourly employee, who worked one or more shifts of more than five (5) hours in length during a pay period where he or she worked exclusively within California from four (4) years prior to the filing of the Complaint who did not for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot; ("Unfair Competition Meal Period Class")

(12)    all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities in California as a non-exempt, hourly employee, who worked a who worked one or more shifts of more than four (4) hours in length or major fraction thereof during a pay period where he or she worked exclusively within California from four (4) years prior to the filing of the Complaint who did not for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot; ("Unfair Competition Rest Period Class");

Collectively, Classes eleven (11) and twelve (12) may be referred to as the "Unfair Competition Class(es)."[1]

2.      Plaintiff also herein brings a representative action brought pursuant to Labor Code § 2699, *et seq.*, on behalf of the State of California and several groups of aggrieved employees defined as follows:

---

[1] Plaintiff reserves the right to define separate unfair competition subclasses for California Residents, employees who were subject to California tax withholding, and employees who worked as Ramp Service Employees.

(1)    all current and former employees of UNITED AIRLINES, INC. who worked one or more shifts of more than four (4) hours in length or major fraction thereof during a pay period where he or she worked exclusively within California from August 17, 2017 and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot ("California Rest Period Aggrieved Employees");

(2)    all current and former employees of UNITED AIRLINES, INC. who were California Residents during their employment with UNITED AIRLINES, INC. and who worked one or more shifts of more than four (4) hours in length or major fraction thereof exclusively within California from August 17, 2017 and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot ("California Resident Rest Period Aggrieved Employees");

(3)    all current and former employees of UNITED AIRLINES, INC. who worked one or more shifts of more than four (4) hours in length or major fraction thereof exclusively within California and who had California state taxes withheld from their wages during at least one pay period from August 17, 2017 and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot ("California Tax Withholding Rest Period Aggrieved Employees");

(4)    all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities, in California, as an hourly non-exempt employee, and who worked one (1) shift of more than four (4) hours in length or major fraction thereof as a Ramp Service Employee (which includes Ramp Service Agents, Bag Runners, and/or other similar employees whose job duties involve the transportation of and/or handling of baggage and cargo) from August 17, 2017 and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot ("Ramp Service Rest Period Aggrieved Employees");

Collectively, aggrieved employee groups one (1), two (2), three (3), and four (4) may be referred to as the "Rest Period Aggrieved Employee(s)."

(5)    all current and former employees of UNITED AIRLINES, INC. who worked one or more shifts of more than five (5) hours in length during a pay period where he or she worked exclusively within California from August 17, 2017 and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot ("California Meal Period Aggrieved Employees");

(6)     all current and former employees of UNITED AIRLINES, INC. who were California Residents during their employment with UNITED AIRLINES, INC. and who worked one or more shifts of more than five (5) hours in length exclusively within California from August 17, 2017 and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot ("California Resident Meal Period Aggrieved Employees");

(7)     all current and former employees of UNITED AIRLINES, INC. who worked one or more shifts of more than five (5) hours in length exclusively in California and who had California state taxes withheld from their wages during at least one pay period from August 17, 2017 and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant, or pilot ("California Tax Withholding Meal Period Aggrieved Employees");

(8)     all individuals who were employed by UNITED AIRLINES, INC. or its predecessor or merged entities, in California, as an hourly non-exempt employee, and who worked one (1) shift of more than five (5) hours in length as a Ramp Service Employee (which includes Ramp Service Agents, Bag Runners, and/or other similar employees whose job duties involve the transportation of and/or handling of baggage and cargo) from August 17, 2017 and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic, flight attendant or pilot ("Ramp Service Meal Period Aggrieved Employees");

Collectively, aggrieved employee groups five (5), six (6), seven (7), and eight (8) may be referred to as the "Meal Period Aggrieved Employee(s)."

(9)     all current and former employees of UNITED AIRLINES, INC. who worked an entire pay period exclusively within California from August 17, 2017 and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic ("California Late Payment Aggrieved Employees");

(10)    all current and former employees of UNITED AIRLINES, INC. who were California Residents during their employment with UNITED AIRLINES, INC. and who worked one or more shifts within California from August 17, 2017 and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic ("California Resident Late Payment Aggrieved Employees");

(11)    all current and former employees of UNITED AIRLINES, INC. who worked one or more shifts in California and who had California state taxes withheld from their wages during at least one pay period from August 17, 2017 and continuing into the present and who did not work for U.S. Aviation Services Corp. and who did not hold the position of mechanic ("California Tax Withholding Late Payment Aggrieved Employees").

Collectively, aggrieved employee groups nine (9), ten (10), and eleven (11) may be referred to as the "Late Payment Aggrieved Employee(s).[2]" All of the aggrieved employee groups may also all collectively be referred to herein as aggrieved employees, other aggrieved employees, and/or all aggrieved employees where appropriate.

3.    Defendant hired employees, including Plaintiff, who work within the state of California. Plaintiff as with many, but not all of the Class Members and Aggrieved Employees worked at San Francisco International Airport. Upon information and belief, Plaintiff, the Class Members, and the Aggrieved Employees are covered by California Industrial Welfare Commission Occupational Wage Order No. 9-2001. Plaintiff has worked for Defendant since more than four (4) years prior to the filing of this Complaint.

4.    Labor Code § 512 requires employers to provide employees with thirty (30) minute uninterrupted and duty free meal period within the first five hours of work. Moreover, an employee who works more than ten (10) hours per day is entitled to receive a second thirty (30) minute uninterrupted and duty free meal period. Pursuant to Labor Code § 512, an employer may not employ an employee for a work period of more than ten (10) hours, without providing the employee with a second meal period of not less than thirty (30) minutes. The second meal period may not be waived if the total hours worked is more than twelve (12) hours.

5.    Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees often worked shifts in excess of eight (8) hours in a day including shifts greater than ten (10) hours in a day from at least four (4) prior to the filing of the Complaint through the present. This includes, but is not limited to the pay periods of May 27, 2018 to June 9, 2018 and June 10, 2018 to June 23, 2018 and each workweek worked by the identified employees from four (4) years prior to the filing of the Complaint through the present. Based upon information and belief, and the meal period policy documents attached hereto, Defendant classified Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees as non-exempt for the purposes of meal periods.

---

[2] Note that the late payment aggrieved employees include both exempt and non-exempt employees.

6.      Defendant United violated Labor Code § 512, among other ways, by failing to advise Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and all Meal Period Aggrieved Employees of their right to receive thirty (30) minute uninterrupted meal periods within the first five (5) hours of the employee's shift or their right to receive a second meal period on days where they worked more than ten (10) hours a day. Instead, Defendant United's Meal Period policy advised Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees that "Eight hour shifts will have a scheduled meal period between the beginning of the 4th and the end of the 6th hours of the shift" and that "Ten hours shifts will have a scheduled meal period between the beginning of the 5th and the end of the 7th hour of the shift." *See* **Exh. 1**. Defendant United's meal period policy further incorrectly advised Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees that "[i]f an employee is offered a lunch outside of the above times, they can- **A. Accept** the lunch at that time with **no pay**. or **B. Decline** that lunch and **get paid** an hour pay for no lunch (per California law). or **C.** Leave 30 mins early if operationally possible." United also admitted the applicability of the California Labor Code to Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees and their right to pursue such claims by advising them that "if no lunch or break is received, you can file a claim with the California labor board." *Id.* (emphasis in original). This unlawful policy has been in effect during the statutory period applicable to Plaintiff, the Meal Period Classes, and the Meal Period Aggrieved Employees' claims including, but not limited to, during the pay periods of May 27, 2018 to June 9, 2018, and June 10, 2018 to June 23, 2018 and is in fact still an active policy utilized by Defendant.

7.      For each pay period from at least four (4) years prior to the filing of the Complaint and continuing into the present, Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees frequently did not receive timely, duty-free first meal periods within the first five (5) hours of their work and did not receive a second meal period when working shifts of ten (10) hours or more due to Defendant's unlawful policies and practices. United also failed to pay Plaintiff and the Meal Period Classes meal period premiums for each workday that the employees did not receive a compliant meal period. In addition, United failed to advise both

Plaintiff and the Meal Period Classes that they were entitled to a second meal period when working more then ten (10) hours and/or that they could not waive their second meal period when working more than twelve (12) hours. Further, Defendant United improperly counted late lunches as compliant meal periods under the plain language of its own defective meal period policy and refused to pay according to its written policy meal period premiums to Plaintiff and the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees for any pay period where the employee received a late lunch.

8.     Since Defendants did not offer employees the opportunity to receive a compliant and timely meal period, "the court may not conclude employees voluntarily chose to skip…breaks." *Alberts v. Aurora Behavioral Health Care*, 241 Cal. App. 4th 388, 410 (2015) ("[i]f an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); *accord Brinker Rest. Corp. v. Sup. Ct.*, 53 Cal. 4th 1004, 1033 (2012) ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

9.     Labor Code § 226.7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC"). Similarly, IWC Wage Order No. 9-2001 prohibits an employer from "employ[ing] any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes. IWC Wage Order No. 9-2001 further obligates employers to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

10.    For each pay period and workweek from at least four (4) years prior to the filing of the Complaint, including but not limited to the pay periods of May 27, 2018 to June 9, 2018, and June 10, 2018 to June 23, 2018, in addition to failing to authorize and permit compliant meal periods, Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees were not paid one (1) hours' worth of pay at their regular rate of compensation when they were not provided with a compliant meal period.

11.    Similarly, Labor Code § 226.7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC"). Under IWC Wage Order 9-2001 an employer must authorize and permit all employees to take ten (10) minute duty free rest periods for every major fraction of four hours worked. *See Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 269 (concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."). In *Augustus*, the court expressly rejected the employers assertion that it could provide an on-duty rest period to employees and further explained "that employers [must] relinquish any control over how employees spend their break time, and relieve their employees of all duties." *Id.* at 273; *accord Wright vs. Renzenberger, Inc.*, Case No. 2:13-cv-06642-FMO-AGR, Dkt. 118 (C.D. Cal. Mar. 8, 2018) (holding that requiring employees to stay in near proximity of the vans violated California's rest period laws).

12.    For each pay period and workweek from at least four (4) years prior to the filing of this Complaint and continuing into the present, Defendant violated Labor Code § 226.7 and Wage Order No. 9-2001, by failing to provide Plaintiff, the Rest Period Classes, the Unfair Competition Rest Period Class, and the Rest Period Aggrieved Employees with duty-free rest periods of not less than ten (10) minutes for every major fraction of four (4) hours worked. Specifically, Defendant failed to have a lawful rest period policy in place that informed Plaintiff, the Rest Period Classes, the Unfair Competition Rest Period Class, and all Rest Period Aggrieved Employees of their right to take rest periods for shifts that were a major fraction of a four (4) hour work period and to make rest breaks available to these employees. This includes, but is not limited to, the pay periods of May 27, 2018 to June 9, 2018, and June 10, 2018 to June 23, 2018 as well as every other pay period worked by Plaintiff, the Rest Period Classes, the Unfair Competition Rest Period Class, and the Rest Period Aggrieved Employees.

13.    Instead, for each pay period and workweek from at least four (4) years prior to the present (including the pay periods referenced by date above), Defendant advised Plaintiff, the Rest Period Classes, the Unfair Competition Rest Period Class, and the Rest Period Aggrieved Employees orally and in writing that they were not allowed to leave the premises during rest periods. At all

relevant times hereto, as part of its unlawful rest period policies and practices, Defendant United Airlines required Plaintiff, the Rest Period Classes, the Unfair Competition Rest Period Class, and the Rest Period Aggrieved Employees to stay on the premises at all times to assist with baggage handling, including but not limited to, loading and unloading the plane, working the bag room, transferring bags, and driving tractor vehicles to load and unload planes. Further, United Airlines did not relieve Plaintiff, the Rest Period Classes, the Unfair Competition Rest Period Class, and the Rest Period Aggrieved Employees of all duties during their rest periods and regularly required each to be available at all times to respond to communications by radio and telephone. Accordingly, as a result of its faulty rest period policies, Defendant United Airlines regularly and consistently failed to authorize and permit Plaintiff, the Rest Period Classes, the Unfair Competition Rest Period Class, and the Rest Period Aggrieved Employees to receive lawful rest periods including during the pay periods of May 27, 2018 to June 9, 2018 and June 10, 2018 to June 23, 2018 and every other pay period from four (4) years prior to the filing of the Complaint.

14.      Moreover, for each pay period and workweek from at least four (4) years prior to the filing of this Complaint, including during the pay periods of May 27, 2018 to June 9, 2018 and the pay period of June 10, 2018 to June 23, 2018, although Defendant's rest period policies and practices were not compliant, it also pressured and coerced employees to forgo rest periods and made it extremely difficult for employees to take rest periods. This includes, but is not limited, to Defendant's common policy and practice of understaffing worksites. For instance, Defendant often lacks adequate baggage handling staff/Ramp Service Employees at work locations throughout California. As a result of its chronic understaffing Plaintiff, the Rest Period Class Members, the Unfair Competition Rest Period Class Members, and the Rest Period Aggrieved Employees were pressured, forced, coerced, and disincentivized from taking rest periods.

15.      In addition to failing to authorize and permit compliant rest periods, Plaintiff, the Rest Period Classes, the Unfair Competition Rest Period Class, and the other Rest Period Aggrieved Employees were not compensated with one (1) hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period and/or their rest period was interrupted in accordance with Labor Code § 226.7(b).

16.    Labor Code § 226 obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

(1) gross wages earned;
(2) total hours worked by the employee;
(3) the number of piece-rate units earned and any applicable piece rate if the
     employee is paid on a piece rate;
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;
(5) net wages earned;
(6) the inclusive dates of the period for which the employee is paid;
(7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;
(8) the name and address of the legal entity that is the employer…;
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

17.    Similarly, Labor Code § 226(e) provides:

(e) (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(2) (A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).
(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).
(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.
(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

18.    For each pay period and workweek from at least August 17, 2017 to the filing of the Complaint, including but not limited to the pay periods of May 27, 2018 to June 9, 2018, and June 10, 2018 to June 23, 2018, the itemized wage statements issued to Plaintiff and all aggrieved employees do not indicate the correct amount of gross wages earned, the total hours worked, the net wages earned, all

applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate due to Defendant United's unlawful on-duty rest period policy and practices, late first meal period policy and practice, failure to provide lawful second meal periods to employees who work more than ten hours in a day, and to pay non-compliant meal/rest period premiums as detailed above. Thus, Defendant has violated Labor Code §226(a)(1), (2), (5), and (9) with respect to Plaintiff, the Itemized Wage Statement Classes, and all aggrieved employees.

19.    For each pay period and workweek from at least August 17, 2017 to the filing of the Complaint and continuing into the present, including but not limited to the pay periods of May 27, 2018 to June 9, 2018, and June 10, 2018 to June 23, 2018, in addition to violating Labor Code § 226(a), Defendant also knowingly and intentionally failed to pay Plaintiff and all aggrieved employees overtime wages owed, meal period premiums, and rest periods premiums including at the proper rates. Moreover, Plaintiff and all aggrieved employees also suffered legal "injury" for purposes of Labor Code section 226(e) insofar as they were unable to readily and easily determine from the wage statements themselves the information required to be set forth by Section 226(a), the information provided by Defendant was confusing and inaccurate, Plaintiff, and the aggrieved employees were unable to determine at all the total hours worked by the employee, the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee including meal period premiums and rest period premiums.

20.    Labor Code § 204 expressly requires that "[a]ll wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Defendant pays Plaintiff and all aggrieved employees on a bi-weekly basis. Violations of Labor Code § 204 are non-curable under PAGA pursuant to Labor Code § 2699.5.

21.    For each pay period and workweek from at least August 17, 2017 to the filing of the Complaint and continuing into the present, including but not limited to the pay periods of May 27, 2018 to June 9, 2018, and June 10, 2018 to June 23, 2018, Defendant failed to pay Plaintiff and the other Late Payment Aggrieved Employees who it pays on a bi-weekly basis within seven (7) days of the

close of the payroll period as required by Labor Code § 204(d). For instance, for the pay period of May 27, 2018 to June 9, 2018, Defendant failed to pay Plaintiff and the other Late Payment Aggrieved Employees until June 21, 2018. Similarly, for the pay period of June 10, 2018 to June 23, 2018, Defendant failed to pay Plaintiff and the other Late Payment Aggrieved Employees until July 5, 2018. As demonstrated above, due to its policies and practices, Defendant regularly and consistently paid Plaintiff and the other aggrieved employees eight (8) or more days after the close of the payroll period in violation of Labor Code § 204(d). Accordingly, Defendant failed to timely pay each and every one of its employee within the state of California on a timely manner during the PAGA period.

22.    Separate and independent of the allegations above, for each pay period and workweek from at least August 17, 2017 to the filing of the Complaint and continuing into the present, including but not limited to the pay periods of May 27, 2018 to June 9, 2018, and June 10, 2018 to June 23, 2018, Defendant failed to pay Plaintiff, the Meal Period Aggrieved Employees, and the Rest Period Aggrieved Employees meal period and rest period premiums within seven (7) days of the close of the payroll period as required by Labor Code § 204(d).

23.    Labor Code § 210 provides that "in addition to, an entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections…204…shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the faulty compensation policies and practices described in detail above and Defendant's failure to pay Plaintiff all aggrieved employees within seven (7) days of the close of the payroll period, the State of California is entitled to recover penalties under Labor Code § 210 through PAGA. *See Amaral v. Cintas Corp. No.* 2, 163 Cal.App.4th 1157, 1209 (2008) (affirming an award of Labor Code section 210 penalties under PAGA due to the employer's failure to timely pay wages at the proper rate in accordance with a local wage ordinance).

24.    Plaintiff, on behalf of himself and the Unfair Competition Classes, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

25.     Plaintiff has fully and completely exhausted and/or will have fully and completed and exhausted his administrative remedies under PAGA prior to proceeding with the PAGA claim. Plaintiff filed her PAGA Notice online with the Labor Workforce Development Agency ("LWDA") and sent a letter by certified mail to Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 *et seq*. As required by PAGA, Plaintiff submitted the $75.00 filing fee with the LWDA by regular mail.  Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was and/or will have been received by Plaintiff from the LWDA evidencing its intention to investigate within sixty-five (65) calendar days of the postmark date of the PAGA notice. Plaintiff is and/or will therefore, entitled to commence and proceed with a civil action pursuant to Labor Code § 2699.

## II.

## <u>JURISDICTION AND VENUE</u>

26.     This Court has subject matter jurisdiction of the claims against Sheraton pursuant to 28 U.S.C. § 1332(d) as the amount in controversy of the class action exceeds $5,000,000 exclusive of interest and costs 28 U.S.C. § 1332(d)(6), UNITED AIRLINES, INC. is a Delaware Corporation with its principal place of business in Chicago, Illinois while Plaintiff is a California resident who works for Defendant in San Francisco. Based upon information and belief, Plaintiff estimates that there are more than 1,000 employees in the Classes and the amount at issue exceeds $5,000,000.

27.     This Court has personal jurisdiction over Defendant because Defendant has caused injuries within the Northern District of California and State of California through their acts, and by their violation of the California Labor Code, California state common law, and California Business & Professions Code sections 17200, *et seq*. Defendant also transacts business throughout California and has obtained the benefits of the laws of the United States and the State of California and is therefore subject to the personal jurisdiction of this court.

28.     Venue is also proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims, as well as the course of conduct charged herein, occurred in San Francisco County and the City of San Francisco, which are within this District and this Division.

## III.

## PARTIES

29.     Plaintiff RICHARD CHAMBERLAIN is a resident of California and .

30.     Plaintiff and the Classes were regularly required to:

a.     Work without being provided lawful meal periods;

b.     Work without being provided lawful rest periods

c.     Work without receiving meal period premiums when they received a non-compliant meal periods;

d.     Work without receiving rest period premiums when they received a non-compliant rest periods;

e.     Work without being provided an accurate itemized wage statement that accurately indicate the gross wages earned, total hours worked by the employee, the net wages earned, as well as all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee;

31.     Defendant UNITED AIRLINES, INC., is believed to be a Delaware corporation operating with its designated principle place of business located in Chicago, Illinois. Defendant's corporate address is believed to be 233 S. Wacker DR., WHQCT – 14th FL, Chicago, IL 60606. Upon information and belief, Defendant employed Plaintiff and similarly situated persons as within California. Defendant has done and does business throughout the State of California including at the San Francisco Airport, within the City of San Francisco, and within the geographic confines of this District.

32.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

33.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff, the Classes, and the Aggrieved Employees.

**IV.**

**CLASS ACTION ALLEGATIONS**

34.    Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Federal Rules of Civil Procedure Rule 23.

35.    This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and the Proposed Classes are easily ascertainable.

**A. Numerosity**

36.    The potential members of the Proposed Classes as defined are each so numerous that joinder of all the members of the Proposed Classes is impracticable.  While the precise number of proposed Class Members in each Class has not been determined at this time, Plaintiff is informed and believes that Defendant currently employ, and during the relevant time periods employed more than one-thousand (1000) members of each of the Proposed Classes at any given time.

37.    Plaintiff alleges that Defendant's employment records would provide information as to the number and location of all Proposed Class members.  Joinder of all members of the Proposed Classes is not practicable.

**B. Commonality**

38.    There are questions of law and fact common to the Proposed Classes that predominate over any questions affecting only individual Proposed Class Members.  These common questions of law and fact include, without limitation:

a.    Whether Defendant violated Labor Code §§ 226.7 and 512 as well as IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders with respect to Plaintiff, the Meal Period Classes, and the Meal Period Unfair Competition Class by failing to provide timely first meal periods within

the first five (5) hours of an employees' shift, failed to provide lawful second meal periods, and failed to provide non-compliant meal period premiums at the rate of one hour's pay at the employees' their regular rate of compensation when such employees did not receive and/or were not authorized and permitted to take a lawful meal period.

b.    Whether Defendant violated Labor Code §§ 226.7 and IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders with respect to Plaintiff, the Rest Period Classes, and Rest Period Unfair Competition Class by failing to inform Plaintiff and the Proposed Rest Period Class of their right to take duty-free rest periods and to provide such rest periods throughout the statutory period and failed to provide non-compliant rest period premiums at the rate of one hour's pay at the employees' regular rate of compensation when such employees did not receive and/or were not authorized and permitted to take lawful rest periods.

c.    Whether Defendants violated Labor Code § 226(a) and IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, by failing to provide an accurate itemized wage statements that accurately indicate, the gross wages earned, the total hours worked by the employee, all deductions from wages, the net wages earned, as well as all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

d.    Whether Defendant violated § 17200 et seq. of the Business & Professions Code by engaging in the acts previously alleged;

e.    Whether Defendant violated Labor Code § 2698, *et seq*. by engaging in the acts alleged herein.

**C. <u>Typicality</u>**

39.    The claims of Plaintiff are typical of the claims of the Proposed Classes.  Plaintiff and all members of the Proposed Classes sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D. <u>Adequacy of Representation</u>**

40.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Classes. Counsel who represent Plaintiff and the Proposed Classes are competent and

experienced in litigating large employment class actions, and has the financial resources to litigate the claims at issue.

**E. Superiority of Class Action**

41.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Proposed Class Members is not practicable, and questions of law and fact common to the Proposed Classes predominate over any questions affecting only individual members of the Proposed Classes. Each member of the Proposed Classes has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to pay all wages due, failing to provide meal periods, failing to provide rest periods, failing to provide accurate itemized wage statements, and failing to pay all wages upon resignation or termination.

42.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**VI.**

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE LAWFUL MEAL PERIODS PURSUANT TO LABOR CODE**
**§§ 226.7 and 512;  IWC WAGE ORDER NO. 9-2001, § 11**
**[Against Defendant United Airlines, Inc. and the Doe Defendants on behalf of Plaintiff and the Meal Period Classes]**

43.     Plaintiff, on behalf of himself and the proposed "Proposed Meal Period Class," realleges and incorporates by reference all previous paragraphs.

44.     Labor Code § 512 requires employers to provide employees with thirty (30) minute uninterrupted and duty free meal period within the first five hours of work. Moreover, an employee who works more than ten (10) hours per day is entitled to receive a second thirty (30) minute uninterrupted and duty free meal period. Pursuant to Labor Code § 512, an employer may not employ an employee for a work period of more than ten (10) hours, without providing the employee with a second meal period of not less than thirty (30) minutes. The second meal period may not be waived if the total hours worked is more than twelve (12) hours.

45.    Plaintiff and the Meal Period Class often worked shifts in excess of eight (8) hours in a day including shifts greater than ten (10) hours in a day from at least four (4) prior to the filing of the Complaint through the present. This includes, but is not limited to the pay periods of May 27, 2018 to June 9, 2018 and June 10, 2018 to June 23, 2018 and each workweek worked by the identified employees from four (4) years prior to the filing of the Complaint through the present. Based upon information and belief, and the meal period policy documents attached hereto, Defendant classified Plaintiff and the Meal Period Classes as non-exempt for the purposes of meal periods.

46.    Defendant United violated Labor Code § 512, among other ways, by failing to advise Plaintiff and the Meal Period Classes of their right to receive thirty (30) minute uninterrupted meal periods within the first five (5) hours of the employee's shift or their right to receive a second meal period on days where they worked more than ten (10) hours a day. Instead, Defendant United's Meal Period policy advised Plaintiff and the Meal Period Classes that "Eight hour shifts will have a scheduled meal period between the beginning of the 4th and the end of the 6th hours of the shift" and that "Ten hours shifts will have a scheduled meal period between the beginning of the 5th and the end of the 7th hour of the shift." *See* **Exh. 1**. Defendant United's meal period policy further incorrectly advised Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees that "[i]f an employee is offered a lunch outside of the above times, they can- **A. Accept** the lunch at that time with **no pay**. or **B. Decline** that lunch and **get paid** an hour pay for no lunch (per California law). or **C.** Leave 30 mins early if operationally possible." United also admitted the applicability of the California Labor Code to Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees and their right to pursue such claims by advising them that "if no lunch or break is received, you can file a claim with the California labor board." *Id.* (emphasis in original). This unlawful policy has been in effect during the statutory period applicable to Plaintiff and the Meal Period Classes' claims including, but not limited to, during the pay periods of May 27, 2018 to June 9, 2018, and June 10, 2018 to June 23, 2018 and is in fact still an active policy utilized by Defendant.

47.    For each pay period from at least four (4) years prior to the filing of the Complaint and continuing into the present, Plaintiff and the Meal Period Classes frequently did not receive timely,

duty-free first meal periods within the first five (5) hours of their work and did not receive a second meal period when working shifts of ten (10) hours or more due to Defendant's unlawful policies and practices. United also failed to pay Plaintiff and the other Meal Period Aggrieved Employees meal period premiums for each workday that the employees did not receive a compliant meal period. In addition, United failed to advise both Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees that they were entitled to a second meal period when working more then ten (10) hours and/or that they could not waive their second meal period when working more than twelve (12) hours. Further, Defendant United improperly counted late lunches as compliant meal periods under the plain language of its own defective meal period policy and refused to pay according to its written policy meal period premiums to Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees for any pay period where the employee received a late lunch.

48.     Since Defendants did not offer employees the opportunity to receive a compliant and timely meal period, "the court may not conclude employees voluntarily chose to skip…breaks." *Alberts v. Aurora Behavioral Health Care*, 241 Cal. App. 4th 388, 410 (2015) ("[i]f an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); *accord Brinker Rest. Corp. v. Sup. Ct.*, 53 Cal. 4th 1004, 1033 (2012) ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

49.     Labor Code § 226.7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC"). Similarly, IWC Wage Order No. 9-2001 prohibits an employer from "employ[ing] any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes. IWC Wage Order No. 9-2001 further obligates employers to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

50.     For each pay period and workweek from at least four (4) years prior to the filing of the Complaint, including but not limited to the pay periods of May 27, 2018 to June 9, 2018, and June 10,

2018 to June 23, 2018, in addition to failing to authorize and permit compliant meal periods, Plaintiff, the Meal Period Classes, the Unfair Competition Meal Period Class, and the Meal Period Aggrieved Employees were not paid one (1) hours' worth of pay at their regular rate of compensation when they were not provided with a compliant meal period.

51.     Pursuant to Labor Code § 226.7, Plaintiff and the Meal Period Classes are entitled to damages in an amount equal to one (1) hour of wages per non-compliant rest period, in a sum to be proven at trial.

**VII.**
**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE LAWFUL REST PERIODS AND PAY NON-COMPLIANT REST PERIOD PREMIUMS PURSUANT TO LABOR CODE § 226.7 AND IWC WAGE ORDER 9-2001, § 12**
**[Against Defendant United Airlines, Inc. and the Doe Defendants on behalf of Plaintiff and the Rest Period Classes]**

52.     Plaintiff, on behalf of himself and the Proposed Rest Period Classes, realleges and incorporates by reference all previous paragraphs.

53.     Labor Code § 226.7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC"). Under IWC Wage Order 9-2001 an employer must authorize and permit all employees to take ten (10) minute duty free rest periods for every major fraction of four hours worked. *See Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 269 (concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."). In *Augustus*, the court expressly rejected the employers assertion that it could provide an on-duty rest period to employees and further explained "that employers [must] relinquish any control over how employees spend their break time, and relieve their employees of all duties." *Id.* at 273; *accord Wright vs. Renzenberger, Inc.*, Case No. 2:13-cv-06642-FMO-AGR, Dkt. 118 (C.D. Cal. Mar. 8, 2018) (holding that requiring employees to stay in near proximity of the vans violated California's rest period laws).

54.     For each pay period and workweek from at least four (4) years prior to the filing of this Complaint and continuing into the present, Defendant violated Labor Code § 226.7 and Wage Order No. 9-2001, by failing to provide Plaintiff and the Rest Period Classes with duty-free rest periods of not

less than ten (10) minutes for every major fraction of four (4) hours worked. Specifically, Defendant failed to have a lawful rest period policy in place that informed Plaintiff and the Rest Period Classes of their right to take rest periods for shifts that were a major fraction of a four (4) hour work period and to make rest breaks available to these employees. This includes, but is not limited to, the pay periods of May 27, 2018 to June 9, 2018, and June 10, 2018 to June 23, 2018 as well as every other pay period worked by Plaintiff and the Rest Period Classes.

55.    Instead, for each pay period and workweek from at least four (4) years prior to the present (including the pay periods referenced by date above), Defendant advised Plaintiff and the Rest Period Classes orally and in writing that they were not allowed to leave the premises during rest periods. At all relevant times hereto, as part of its unlawful rest period policies and practices, Defendant United Airlines required Plaintiff and the Rest Period Classes to stay on the premises at all times to assist with baggage handling, including but not limited to, loading and unloading the plane, working the bag room, transferring bags, and driving tractor vehicles to load and unload planes. Further, Defendant United Airlines did not relieve Plaintiff and the Rest Period Classes of all duties during their rest periods and regularly required each to be available at all times to respond to communications by radio and telephone. Accordingly, as a result of its faulty rest period policies, Defendant United Airlines regularly and consistently failed to authorize and permit Plaintiff and the Rest Period Classes to receive lawful rest periods including during the pay periods of May 27, 2018 to June 9, 2018 and June 10, 2018 to June 23, 2018 and every other pay period from four (4) years prior to the filing of the Complaint.

56.    Moreover, for each pay period and workweek from at least four (4) years prior to the filing of this Complaint, including during the pay periods of May 27, 2018 to June 9, 2018 and the pay period of June 10, 2018 to June 23, 2018, although Defendant's rest period policies and practices were not compliant, it also pressured and coerced employees to forgo rest periods and made it extremely difficult for employees to take rest periods. This includes, but is not limited, to Defendant's common policy and practice of understaffing worksites. For instance, Defendant often lacks adequate baggage handling staff/Ramp Service Employees at work locations throughout California. As a result of its chronic understaffing Plaintiff and the Rest Period Class Members were pressured, forced, coerced, and disincentivized from taking rest periods.

57.     In addition to failing to authorize and permit compliant rest periods, Plaintiff, the Rest Period Classes, the Unfair Competition Rest Period Class, and the other Rest Period Aggrieved Employees were not compensated with one (1) hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period and/or their rest period was interrupted in accordance with Labor Code § 226.7(b).

58.     Pursuant to Labor Code § 226.7, Plaintiff and the Proposed Rest Period Classes are entitled to damages in an amount equal to one (1) hour of wages per missed rest period, in a sum to be proven at trial.

**VIII.**

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF LABOR CODE § 226(a), (e), and (h)**
**[Against Defendant United Airlines, Inc. and the Doe Defendants on behalf of Plaintiff and the Itemized Wage Statement Classes]**

59.     Plaintiff, on behalf of himself and the Proposed Itemized Wage Statement Classes, realleges and incorporates by reference all previous paragraphs.

60.     Labor Code § 226 obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

(1) gross wages earned;
(2) total hours worked by the employee;
(3) the number of piece-rate units earned and any applicable piece rate if the
    employee is paid on a piece rate;
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;
(5) net wages earned;
(6) the inclusive dates of the period for which the employee is paid;
(7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;
(8) the name and address of the legal entity that is the employer…;
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

61.     Similarly, Labor Code § 226(e) provides:

(e) (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.
(2) (A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

62. For each pay period and workweek from at least August 17, 2017 to the filing of the Complaint, including but not limited to the pay periods of May 27, 2018 to June 9, 2018, and June 10, 2018 to June 23, 2018, the itemized wage statements issued to Plaintiff and all aggrieved employees do not indicate the correct amount of gross wages earned, the total hours worked, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate due to Defendant United's unlawful on-duty rest period policy and practices, late first meal period policy and practice, failure to provide lawful second meal periods to employees who work more than ten hours in a day, and to pay non-compliant meal/rest period premiums as detailed above. Thus, Defendant has violated Labor Code §226(a)(1), (2), (5), and (9) with respect to Plaintiff, the Itemized Wage Statement Classes, and all aggrieved employees.

63. For each pay period and workweek from at least August 17, 2017 to the filing of the Complaint and continuing into the present, including but not limited to the pay periods of May 27, 2018 to June 9, 2018, and June 10, 2018 to June 23, 2018, in addition to violating Labor Code § 226(a), Defendant also knowingly and intentionally failed to pay Plaintiff and all aggrieved employees overtime wages owed, meal period premiums, and rest periods premiums including at the proper rates. Moreover, Plaintiff and all aggrieved employees also suffered legal "injury" for purposes of Labor Code section 226(e) insofar as they were unable to readily and easily determine from the wage statements themselves the information required to be set forth by Section 226(a), the information provided by Defendant was confusing and inaccurate, Plaintiff, and the aggrieved employees were unable to determine at all the total hours worked by the employee, the gross wages earned, the net

wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee including meal period premiums and rest period premiums.

64. Even absent a knowing and intentional violation, Plaintiff and the proposed class are entitled to injunctive relief under Labor Code § 226(h). Labor Code § 226(h) provides that "[a]n employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorneys' fees. *See Pehle v. Dufour*, No. 2:06-CV-1889-EFB, 2012 WL 4490955, at *14 (E.D. Cal. Sept. 28, 2012), No. 2:06-CV-1889-EFB, 2012 WL 4490955, at *14 (E.D. Cal. Sept. 28, 2012) (explaining in an action without a PAGA claim that "if the wage stubs are inadequate, an employee may bring an action for injunctive relief…Additionally, if the violation of section 226(a) was "knowing and intentional" the employee may recover penalties under Lab. Code § 226(e)); *Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1146 (N.D. Cal. 2009) ("under § 226[h], there is no requirement of knowing and intentional failure to comply with the statute in order to justify injunctive relief."

## IX.

### FOURTH CAUSE OF ACTION
### UNFAIR COMPETITION PURSUANT TO
### BUSINESS & PROFESSIONS CODE § 17200
### [Against Defendant United Airlines, Inc. and the Doe Defendants on behalf of Plaintiff and the Unfair Competition Classes]

65. Plaintiff, on behalf of himself and the Unfair Competition Classes, realleges and incorporates by reference all previous paragraphs.

66. This is a Class Action for Unfair Business Practices. Plaintiff, on behalf of himself, on behalf of the general public, and on behalf of the Classes, bring this claim pursuant to Business & Professions Code § 17200, et seq. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the Proposed Classes. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

67.    Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

68.    Business & Profession Code § 17200, *et seq.* prohibits unlawful and unfair business practices.

69.    California's wage and hour laws express fundamental public policies.    Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States.    Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

70.    Defendant has violated statutes and public policies as alleged herein.    Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, *et seq.*, depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

71.    Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200 *et seq.* of the Business & Professions Code.

72.    Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful.    As such it is a violation of § 17200 *et seq.* of the Business & Professions Code.

73.    As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

74.    Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above.    Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business

& Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiff and members of the Proposed Classes the money Defendant has unlawfully failed to pay including the unpaid meal and rest period premiums within the meaning of Labor Code § 226.7 from at least four (4) years prior to the filing of this Complaint and continuing into the present.

## X.

### FIFTH CAUSE OF ACTION
### PENALTIES PURSUANT TO LABOR CODE § 2699, et seq.

75.    Plaintiff, on behalf of himself and all aggrieved employees, realleges and incorporates by reference all previous paragraphs.

76.    Plaintiff, on behalf of himself and all aggrieved employees presently or formerly employed by Defendant and continuing into the present, brings this representative action pursuant to Labor Code § 2698, *et seq*. seeking civil penalties for Defendant's violation of California Labor Code §§ 204, 210, 226(a), 226(e), 226.3, 226.7 512, 558, 1197.1, 1199 as well as IWC Wage Order 9-2001.

77.    Based on the above allegations incorporated by reference, Defendants has violated Labor Code §§ 204, 210, 226(a), 226(e), 226.3, 226.7 512, 558, 1197.1, 1199 as well as IWC Wage Order No. 9-2001. Accordingly, Plaintiff and all aggrieved employees are aggrieved employees within the meaning of Labor Code §2698, *et seq.*

78.    Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

$100 for the initial violation per employee per pay period; and

$200 for each subsequent violation per employee per pay period.

These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce Development Agency (LWDA) and twenty-five percent (25%) to the affected employees. These penalties may be stacked separately for each of Defendants violations of the California Labor Code. *See e.g. Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx) 2012 U.S.Dist. LEXIS 86975, at *59, fn. 77 (C.D.Cal. June 22, 2012) (holding that although the plaintiff did not seek stacked PAGA penalties, that

"PAGA penalties can be 'stacked,' *i.e.,* multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations."); *See Lopez v. Friant & Assocs., LLC*, No. A148849, 2017 Cal. App. LEXIS 839, at *1 (Ct. App. Sep. 26, 2017) ("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1) and acknowledging that a Plaintiff could recover separately under PAGA for violations of Labor Code §§ 226(a) and 226(e)); *accord Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO) 2010 U.S. Dist. LEXIS 81128, at *17 (E.D. Cal. July 14, 2010); *Pulera v. F & B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 U.S. Dist. LEXIS 72659, 2008 WL 3863489, at * 2-3 (E.D. Cal. Aug. 19, 2008); *Smith v. Brinker Intern, Inc.*, No. C 10-0213 VRW, 2010 U.S. Dist. LEXIS 54110, 2010 WL 1838726, at * 2-6 (N.D. Cal. May 5, 2010).

79.    Through PAGA and to the extent permitted by law, Plaintiff seeks penalties pursuant to Labor Code § 558 for Defendants' unlawful rest period and overtime policies and practices as detailed above. In accordance with Labor Code § 558, Plaintiff and the other aggrieved employees are entitled to penalties for the initial violation in the amount of fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Wages recovered under Labor Code § 558 shall be paid to the affected employee. *See Thurman v. Bayshore Transit Mgmt., Inc.* 203 Cal. App. 4th 1112 (2012); *Gaasterland v. Ameriprise Fin. Servs.*, 2016 U.S. Dist. LEXIS 126648 (N.D. Cal. Sept. 15, 2016); *Guzman v. Healthcare Servs. Grp., Inc.*, 2016 U.S. Dist. LEXIS 128961 (C.D. Cal. Sept. 15, 2016).

80.    In addition, to the extent permitted by law, Plaintiff failed to provide Plaintiff and all aggrieved employees with accurate itemized wage statements in compliance with Labor Code § 226(a). Plaintiff seeks separate PAGA penalties for Defendants' violations of Labor Code §§ 226(a) and 226(e). *Lopez v. Friant & Assocs., LLC*, 15 Cal.App.5th 773, 788 (2017);  *Bell v. Home Depot U.S.A.* (E.D. Cal. Dec. 11, 2017) No. 2:12-cv-02499 JAM-CKD, 2017 U.S. Dist. LEXIS 204493, at *5 [finding after Friant that "[t]o the extent the Court's Order [granting summary judgment to Home Depot] was ambiguous, the Court now clarifies that it granted summary judgment on Plaintiffs'

derivative claim for [PAGA] penalties under section 226(e)…the Court's Order should not be read to grant summary judgment on Plaintiffs' claim for PAGA penalties based on violation of section 226(a)."]). For violations of Labor Code § 226(a), Plaintiff seeks the default penalty provided by Labor Code § 226.3. Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." Accordingly, through PAGA and to the extent permitted by law Plaintiff and the aggrieved employees are entitled to recover penalties for violations of Labor Code § 226.3 and seeks default PAGA penalties for each of Defendants' numerous violations of Labor Code § 226(e).

81.    Labor Code § 210 provides that "in addition to, an entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections…204…shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of Defendant's failure to timely pay Plaintiff and all aggrieved employees within seven (7) days of the close of the payroll period and its faulty compensation policies and practices described in detail above, the State of California is entitled to recover penalties under Labor Code § 210 through PAGA.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff and the Class pray for the following relief:

1.    An Order that this action may proceed and be maintained as a Class Action on behalf of the Class;

2.    For compensatory damages in the amount of Plaintiff's and each Proposed Meal Period Class Members' regular rate of compensation for each non-compliant meal period from at least four (4) years prior to the filing of this action to the present as may be proven;

3.      For compensatory damages in the amount of Plaintiff's and each Proposed Rest Period Class Members' regular rate of compensation for each non-compliant rest period from at least four (4) years prior to the filing of this action to the present as may be proven;

4.      For compensatory damages in the amount of Plaintiff's and each Proposed Unfair Competition Class Members' regular rate of compensation for each non-compliant meal period from at least four (4) years prior to the filing of this action to the present as may be proven;

5.      For compensatory damages in the amount of Plaintiff's and each Proposed Unfair Competition Class Members' regular rate of compensation for each non-compliant rest period from at least four (4) years prior to the filing of this action and continuing into the present as may be proven;

6.      For penalties for pursuant to Labor Code § 226(e) for violation of Labor Code § 226(a) in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) for the inaccurate itemized wage statements issued from one (1) year prior to the filing of this action and continuing into the present as may be present;

7.      For injunctive relief pursuant to Labor Code § 226(h) for violation of Labor Code § 226(a);

8.      An award of prejudgment and post judgment interest;

9.      An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from violating Plaintiff and the Proposed Class Members rights to lawful meal periods, lawful rest periods, accurate itemized wage statements, and the timely payment of wages pursuant to Labor Code §§ 204, 226(a), 226(h), 226.7, and 512 as well as IWC Wage Order No. 9-2001;

10.     For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement or profits, in an amount as may be proven;

11.     For penalties and other relief pursuant to Labor Code § 2699, *et seq.* as detailed above;

12.     An award providing for payment of costs of suit;

13.     An award of attorneys' fees; and

14.     Such other and further relief as this Court may deem proper and just.

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

3

4    DATED: August 23, 2018                    ACKERMANN & TILJAEF, P.C.
                                              WINSTON LAW GROUP, P.C.
5                                             MELMED LAW GROUP P.C.

6                                    By:    /s/Craig J. Ackermann
                                           CRAIG J. ACKERMANN
7                                          DAVID S. WINSTON
                                           JONATHAN MELMED
8                                          Attorneys for Plaintiff and all others
                                           similarly situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28